Peauson, J.
 

 This is an action of covenant, on a warranty, in the deed of one Harrison, the testator of the defendant. One Jones and his wife, being seized in fee, in right of the wife, and having had issue, executed a deed of bar
 
 *194
 
 gain and sale, purporting to convey the land to Harrison in fee. The privy examination of the wife was not in due form. Afterwards, Harrison, of whom the defendant is the executor, executed a deed of bargain and sale, purporting to convey the land to one Howerton in fee, with a
 
 covenant of general
 
 warranty, which is the covenant now sued on ; this deed was dated in 1828, and under it, Howerton entered and continued in possession until 1842. In
 
 April,
 
 1842, Howerton executed a deed of bargain and sale, purporting to convey the land to one Green, in fee, with a clause, assigning and conveying to the said Green, and his heirs, ■“
 
 all the covenants
 
 in the deed of Harrison,
 
 warranting the title of said land,
 
 and all other covenants in said deed contained, with full power to sue for any breach thereof in my name, but at his own costs, and for his own use.”
 

 In September 1842, the Sheriff sold the land under executions against Howerton, tested March 1842, and the plaintiff was the purchaser, and took from the Sheriff a deed conveying to him and his heirs ''all the estates, interest and claim,” of the said Howerton: under this deed the plaintiff entered, and continued in possession until after the .death of Jones, when he was evicted by the heirs at law of Mrs. Jones, on account of the defect in the title, by reason of the informality in the privy examination. Thereupon he brought this action The case states that “ that at the time of the Sheriff’s sale, the plaintiff had notice of the deed to Green, and it had then become notorious, and the plaintiff had notice, that Howerton’s estate was only an estate for the life of Jones, by reason of the defect in the title.”
 

 His Honor being of opinion that the plaintiff could not support the action, he submitted to a non-suit, and appealed. In this there is error.
 

 Mr. Haywood laid down the position, that a warranty,
 
 *195
 
 being a covenant annexed to an estate, could not continué longer than the estate, and consequently that,' when the estate of the plaintiff was put an end to by the heirs of Mrs. Jones, at the death of Jones, the warranty was gone. We admit the position, that the warranty is gone, whenever the estate, to which it is annexed,
 
 determines;
 
 for it is a mere incident of the estate, and the incident cannot continue longer than the principal; as if there be an estate to A, for life, with warranty to him and his heirs and assigns, at the death of A, his estate determines, arid the warranty is at an end. This case is put by Lord Coke,: and the principle is contained in all the books. The error of Mr. Haywood is in reference to the meaning and application of the.principle. When does an estate determine? When it is “spent,” expires by
 
 “ the terms of its own limitation.”
 
 If there is an eviction by title paramount, the estate, is in one sense, at an end, but has not
 
 determined,
 
 so as to deprive the party of the benefit of his warranty ; for if so, a warranty would never be of any fore© or effect Until the eviction, the party has no use for it, and after that it is gone. This proposition, certainly, cannot be maintained.
 

 It is not true, that Howerton had only an estate for th'e life of Jones ; he was seized of an estate
 
 in fee.
 

 “ The term of its limitation,”
 
 was to him,
 
 “his heirs,
 
 and
 
 assigns ;”
 
 and, notwithstanding the fact, that it had an “ infirmity,” and might be put an end to, by reason of a defect in the title, still it was a fee simple. It was good, until the death of Jones, and then it was only wrongful, as to the heirs of Mrs. Jones. As to the rest of the world, it was a good fee simple estate. Suppose Howerton had died seized; could there be a question, that his wife would have been entitled to dower ? Her estate, like that of her husband’s, would be good against every one, except the heirs of Mrs.
 
 *196
 
 Jones. Or suppose Howerton had continued in possession for more than seven years, after the death of Jones, can there be a question, that he would not, then, have held a good estate in fee
 
 ?
 
 This is not consistent with his having an estate, only for the life of Jones. The truth is, (possibly his Honor fell into error not by adverting to it,) Jones purported to convey a fee to Harrison, and he purported to convey a tee to Howerton, and, for the purpose of propping and fortifying this fee simple estate, he binds himself and his heirs in a covenant to Howerton, “ his heirs, and assigns,” which is annexed to the estate, and “
 
 runs with it” for its protection
 
 against an eviction by title paramount.
 

 Again Mr. Haywood insists, the plaintiff, as purchaser at the Sheriff’s sale, acqui red only an estate for the life of Jones, consequently he did not get the warranty, for that was not
 
 the estate
 
 to which it was annexed. This is not an open question: The Sheriff is empowered by statute, to sell all the estates, interest, and claim, which the debtor himself could sell. Howerton, by his deed passing the estate, would have passed the warranty as an incident, and we think it clear, the deed of the sheriff had ’the same effect. In
 
 Markland
 
 v
 
 Crump,
 
 1 Dev. and Bat. 94, this point was directly presented, and is taken for granted. There is no question, that the land of debtors, when sold under execution, and when it is known or suspected, that there is a defect in the title, commands a fairer price, because it is understood, that the purchaser acquires all covenants running with and protecting the estate. If the purchaser does not acquire the covenant, what becomes of it ?
 

 In the third place it was argued : The deed from How-erton to Green, not only professed to pass the estate, but
 
 expressly
 
 passed the covenant of warranty, and, although it was overreached in regard to the
 
 estate
 
 by the sheriff’s sale and deed, yet it was insisted, this could not affect the
 
 *197
 
 assignment of the covenant, and Green thereby acquired the beneficial interest then, and has the right to sue on it, in the name of Howerton. This cannot be so. The incident cannot be passed without the principal. If the principal does not pass, how can the incident pass ? They are inseparable. Can the substance pass without the shadow, or the shadow without the substance ? There is no authority or reason to support the proposition, that a covenant, annexed to an estate, and running with it, can be severed and assigned, so as to be passed by itself, or retained by itself, and thereby give an independent cause of action. To show the absurdity of the idea, take this very case. The plaintiff, under the deed of the sheriff goes into possession,-and is evicted by title paramount ; he has a cause of action, but the argument is, he has no covenant to sue on ; and Green has a covenant but no cause of action, for he has not been evicted. So the covenantor escapes from his obligation, and cannot be sued by either. Again, is it reasonable or right, that a debtor, finding his estate bound by executions of prior
 
 teste,
 
 should have the power to sever from the estate covenants, annexed thereto-for its protection, and assign then to a third person, whereby the estate, thus “
 
 stripped naked,”
 
 would sell for nothing, and his creditors be defrauded. Certainly, there is no reason for such a doctrine, and no authority was cited to sustain it.
 

 Per Cuiiiam. Judgment reversed, and
 
 venire de novo.